IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DR. RICHARD E. FISCHBEIN,<br><br>                *Plaintiff,*<br><br>    v.<br><br>THE OLSON RESEARCH GROUP, INC., *et al.*,<br><br>                *Defendants.* | CIVIL ACTION<br>No. 17-05601 |

## **ORDER**

**AND NOW**, this 26th day of August, 2019, it is hereby **ORDERED** that Defendant The Olson Research Group, Inc.'s Motion to Dismiss Plaintiff Dr. Richard E. Fischbein, M.D.'s Class Action Complaint (ECF No. 7) is **GRANTED** and Count I of the Complaint is **DISMISSED** with prejudice and Count II of the Complaint is **DISMISSED** without prejudice to its renewal in state court.[1] The Clerk of Court is directed to mark this case closed.

---

[1] Plaintiff's Complaint, filed on behalf of himself and a putative class of similarly situated persons, claims that Defendants Olson and John Does 1-12 violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(c), "by sending advertisements by facsimile . . . to Plaintiff and the other class members without their prior express invitation or permission. (Compl. ¶ 50, ECF No. 1.) The TCPA claim arises from a fax Defendant Olson sent to Plaintiff on May 17, 2017 about "an upcoming market research study . . . ." (Compl. Ex. A.) The fax stated that it was "not a solicitation or advertisement to sell [him] any product or service," and explained that his identity would "be kept strictly confidential" and information provided would "only be passed on to [Olson's] client anonymously and in aggregate." (*Id.*) Plaintiff would be asked to answer "a few preliminary questions" to determine whether the 45 minute study was "a good fit," and if he participated, he would be eligible for "fair market compensation of[] $150" for his "time and opinions." (*Id.*)

       Plaintiff has not plausibly alleged a violation of the TCPA. He cannot assert a claim as a potential purchaser of Olson's services because the fax does not attempt to sell anything to him. Indeed, it explicitly disclaims an intent to sell products or services. *See Mauthe v. Nat'l Imaging Assocs., Inc.*, 767 F. App'x 246, 248–49 (3d Cir. 2019) ("'So to be an ad, the fax must promote goods or services to be bought or sold, and it should have profit as an aim.'") (quoting *Sandusky Wellness Ctr., LLC v. Medco Health Sols., Inc.*, 788 F.3d 218, 222 (6th Cir. 2015)).

       Plaintiff also fails to state a TCPA claim for third-party based liability, i.e., "liability for the sending of a fax to an entity other than a possible direct purchaser of the sender's products or services . . . ." *Mauthe v. Optum, Inc.*, 925 F.3d 129, 133 (3d Cir. 2019). For such a claim, the Third

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

Circuit requires a plaintiff to "show that the fax (1) sought to promote or enhance the quality or quantity of a product or services being sold commercially; (2) was reasonably calculated to increase the profits of the sender; and (3) directly or indirectly encouraged the recipient to influence the purchasing decisions of a third party." *Id.* Olson "does not contest the sufficiency of Plaintiff's complaint as to the first or second element of the three part *Optum* test." (Def.'s Letter Br. at 4, ECF No. 24.) It argues that Plaintiff's Complaint is insufficient with respect to *Optum's* third element because it "fails to allege the challenged fax encouraged Plaintiff, either directly or indirectly, to influence the purchasing decisions of the purchasers of Olson's market research data." (*Id.* at 5 (citation and quotation omitted).) Plaintiff responds that his allegations show that "Defendant's fax solicited recipients to participate in paid surveys to develop better strategies for Defendant's clients to package and present their marketing materials to the clients' target populations" and that its "very purpose" was "influencing the target populations' purchasing decisions." (Pl.'s Letter Br. At 5, ECF No. 25.) As a result, he argues that he should be permitted to conduct merits discovery with respect to the purpose of sending the fax. (*Id.*) Plaintiff's argument falls short.

The Complaint's allegation that "Olson pays health professionals to participate in 'surveys' and then packages the collected market research and other information for Defendants' clients" (Compl. ¶ 10) does not nudge his TCPA claim "across the line from conceivable to plausible . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Third Circuit held that "[i]t is not enough that the sender sent a fax with a profit motive," rather, "to show that the sender is trying to make a sale, there must be a nexus between the fax and the purchasing decisions of an ultimate purchaser, whether the recipient of the fax or a third party." *Optum*, 925 F.3d at 134. The fax refers to an unidentified "client" who would receive information from the survey "anonymously and in aggregate." (Compl. Ex. A.) But there are no allegations in the Complaint that would support a claim that the fax was "intended to" influence Olson's clients' purchasing decisions or that it was "capable of" influencing their decisions. *Optum*, 925 F.3d at 133. As Olson argues, "[t]he fax does not identify any of [Olson's] products or services or any products or services at all." (Def.'s Letter Br. at 5, ECF No. 24.) Plaintiff's allegation that "Olson's *Privacy Policy* tells prospective survey participants that "[t]he invaluable information and opinions you provide through market research surveys helps companies develop new products and services, and modify existing ones to better suit your needs," is not sufficient to plead the requisite nexus, as the fax neither includes this information nor makes direct reference to Olson's Privacy Policy. (Compl. ¶ 9 (emphasis added).) Although, as Plaintiff argues "a fax need not, on its face, propose a direct commercial transaction with recipients in order to be a TCPA advertisement," (Pl.'s Letter Br. at 4), to plead a TCPA claim for third-party based liability, his Complaint must allege the nexus that *Optum* requires. It does not. Plaintiff does not seek leave to amend his Complaint; even if he did, he cannot change the language contained in the fax and amendment would be futile.

Plaintiff also claims that "[b]y sending advertisements to [Plaintiffs'] fax machines, Defendants improperly and unlawfully converted the class's fax machines to Defendants' own use." (Compl. ¶ 63.) In the absence of a well-pled TCPA claim, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law conversion claim, consistent with its discretion pursuant to 28 U.S.C. § 1367(c)(3).